Filed: February 28, 2002


IN THE SUPREME COURT OF THE STATE OF OREGON



KRIS KAIN
and TRICIA BOSAK,


Petitioners,


 v.


HARDY MYERS,
Attorney General,
State of Oregon,


Respondent.


(SC S49089)


 En Banc


 On petition to review ballot title.


 Submitted on the record December 28, 2001.


 Margaret S. Olney, Smith, Gamson, Diamond & Olney, Portland,
filed the petition for petitioners.


 Erika L. Hadlock, Assistant Attorney General, Salem, filed
the answering memorandum for respondent. With her on the
answering memorandum were Hardy Myers, Attorney General, and
Michael D. Reynolds, Solicitor General.


 GILLETTE, J.


 Ballot title referred to the Attorney General for
modification. 


 GILLETTE, J.

 In this ballot title review proceeding, petitioners
challenge the caption, the "yes" vote result statement, and the
summary of the Attorney General's certified ballot title for a
proposed initiative measure, which the Secretary of State has
denominated as Initiative Petition 132 (2002). We review the
Attorney General's certified ballot title to determine whether it
substantially complies with the requirements of ORS 250.035(2). 
See ORS 250.085(5) (setting out standard of review).

 The proposed measure would add a new, five-part section
to the Oregon Constitution. The section deals with citizen-initiated ballot measures that, for one or another reason, either
have been declared invalid after enactment or have been subject to
court orders enjoining the counting of election returns respecting
their adoption. The first part of the amendment would direct the
chief petitioners of the measure, "working in good faith with the
office of the legislative counsel," to rewrite the measure "in a
manner that replicates the effect of the voter-approved measure,
doing nothing more or less than curing the technical fault or
faults" that led to the court action in question. When that task
is completed, the Secretary of State is directed "at the earliest
available election date" to submit the rewritten measure to the
public. The ballot title used for the measure when it last was
presented to the voters is to be used again "to the extent
practical," but the ballot title summary also must contain the
following statement:

 "Voters approved this measure in another form at a
previous election, but a court nullified the original
measure or prevented it from going into effect for one
or more technical reasons. This measure is a rewritten
version of the original voter-approved measure and has
the same effect as the original, except the technical
problems(s) found by the court in the original voter-approved measure has (have) been cured."


 The second part of the proposed constitutional
amendment defines "technical grounds" -- the term that the
amendment uses throughout to describe the reasons that a court
might invalidate a voter-approved ballot measure. Those
"technical grounds" include such constitutional standards as the
single subject, single amendment, separate vote, and full text
requirements, "or any other such requirement that is procedural or
technical in nature."

 The third part of the proposed constitutional amendment
makes its provisions applicable retroactively, so that it applies
to "all court decisions issued on or after November 7, 2000." The
fourth part of the amendment vests this court with original
jurisdiction over "all challenges to voter-approved measures that
are based on one or more alleged technical violations and are
filed after the effective date of this section." Finally, the
fifth part of the proposed amendment provides a single exception
to its scope: "Nothing in this section shall be construed as
requiring a measure to be resubmitted to voters if it has been
found to be in violation of the U.S. Constitution."

 The Attorney General's certified ballot title for
Initiative Petition 132 (2002) contains the following caption:

"AMENDS CONSTITUTION: REQUIRES CHIEF
PETITIONERS TO REWRITE CERTAIN
INVALIDATED MEASURES; REQUIRES
SUBMISSION OF REWRITTEN
MEASURES TO VOTERS"



Petitioners assert that the caption is inadequate in that it fails
to state that the proposed measure, if adopted, would apply
retroactively. The Attorney General concedes that he has erred in
not mentioning that aspect of the proposed measure in the caption. 
We accept that concession. Part of the subject of the proposed
measure is the retroactive application to any court decisions made
after November 7, 2000, that invalidate initiated measures on any
of the grounds listed in the proposed measure. The ballot title
must be referred to the Attorney General for modification. ORS
250.085(8). 

 Petitioners next assert that the "yes" result statement
in the Attorney General's ballot title is insufficient, because it
also fails to mention that the proposed measure would apply
retroactively. Petitioners are correct that, because the "yes"
result statement contains the same defect as the caption, it also
must be modified.

 Finally, petitioners challenge the summary in the
Attorney General's ballot title on three grounds. We discuss each
separately.

 Petitioners assert that the summary is inadequate
because its single mention of the retroactivity of the proposed
measure, "[a]pplies retroactively to November 7, 2000," fails to
state that the retroactive application is with respect to court
decisions rendered after that date. The Attorney General concedes
that the further information must be included, in order for the
summary to meet statutory requirements. We accept that
concession.

 Petitioners next take issue with the Attorney General's
decision to use the descriptor, "procedural," as an adjective to
identify the various grounds for invalidating voter-approved
initiatives that are listed in the second part of the proposed
measure. Petitioners argue that the use of that word trivializes
the various constitutional and other grounds for invalidating
measures. We find no defect. As the Attorney General points out,
the word "procedural" is used in the context of listing the
specific grounds for invalidation that are set out in the proposed
measure itself. Taken together, the adjective and the list
accurately inform voters of the proposed measure's scope and
meaning.

 Finally, petitioners object to the following sentence
in the summary: "Requires invalidated measure's chief petitioner,
working with legislative counsel, to rewrite measure, correcting
procedural problems while replicating original measure's effect." 
Petitioners argue that the sentence is inaccurate because the most
that a chief petitioner can do is try to correct whatever flaws in
the measure were identified by a court; only another court
decision (if there is one) can determine whether the chief
petitioner was successful in that regard. The Attorney General
responds that the sentence to which petitioners object reflects
the wording of the proposed measure itself. He explains that the
wording of the proposed measure "creates an absolute requirement
that petitioners 'replicate[] the effect of the voter-approved
measure, doing nothing more or less than curing the technical
fault or faults.'"

 Both positions are in some sense correct. The Attorney
General is correct that the wording of the proposed measure
appears to create an absolute obligation. Petitioners are correct
that, before one can be assured that the obligation has been met,
it may be necessary to obtain a court opinion. But the latter
position is conditional and conjectural; there might never be a
case raising the issue. The Attorney General's summary is
focused, as it must be, on what the proposed measure purports to
require. Petitioners are free to argue to the electorate that the
proposed measure is unduly optimistic, but that is a matter of
opinion. The Attorney General's summary is not legally
insufficient in that respect.

 Ballot title referred to the Attorney General for
modification.